RECEIPT NUMBER
200-518304

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON PATRICK CONSTRUCTION, INC.,
a Michigan corporation,

    Plaintiff,

vs.

BANK ONE CORPORATION, a Delaware
corporation,

    Defendant.
_____/

**04-74872**

Case No. 04-GEORGE CARAM STEEH

Hon.

MAGISTRATE JUDGE VIRGINIA M. MORGAN

JOHN C. STEVENSON (P53505)
JON R. GARRETT (P25777)
Attorney for Plaintiff
Garrett & Stevenson, P.C.
535 Griswold, Suite 1212
Detroit, Michigan 48226
(313) 961-1885
_____/

U.S. DIST. COURT CLERK
EAST DIST. MICH.
DETROIT-PSG

'04 DEC 14 P3 37

FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, JON PATRICK CONSTRUCTION, INC., by and through its attorneys, GARRETT & STEVENSON, P.C., hereby states for its Complaint against Defendant, Bank One Corporation ("Bank One"), a Delaware corporation, as follows:

### JURISDICTION AND PARTIES

    1.    Plaintiff, JON PATRICK CONSTRUCTION, INC., is a Michigan corporation which conducts business in the Eastern District of Michigan, among others.

2. Bank One is a Delaware corporation having its principal place of business in Chicago, Illinois, and conducts business in the Eastern District of Michigan, among others.

3. This Complaint alleges: (a) negligence by Bank One; (b) breach of contract by Bank One; (c) fraud by Bank One; (d) conversion by Bank One of property belonging to Jon Patrick Construction, Inc.; (e) breach of fiduciary duty by Bank One; and the consequences resulting there from which occurred, and continue to occur, in the Eastern District of Michigan.

4. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs and attorney fees.

5. The subject matter jurisdiction of this Court over this action is based upon complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 and the principles of pendent jurisdiction.

6. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1891 and 1400.

7. This Honorable Court has personal jurisdiction over Bank One in this State under MCL §§ 600.71 and 600.715, among others.

### GENERAL ALLEGATIONS

8. Steve Allard and Michael DiCarlo are corporate officers of Jon Patrick Construction, Inc.

9. Darlene Hodges was employed by Jon Patrick Construction, Inc., as an Office Manager.

10. On or about March 3, 1999, Jon Patrick Construction, Inc., opened bank accounts at NBD Bank, Bank One's predecessor in interest.

11. Jon Patrick Construction, Inc., maintained a business checking account and payroll account with Defendant.

12. Defendant and Jon Patrick Construction, Inc., entered an agreement by which it was agreed that only Steve Allard and Michael DiCarlo had the authority to sign checks emanating from Jon Patrick Construction, Inc.'s, accounts with Bank One.

13. Darlene Hodges was not an authorized signatory for any of the Jon Patrick Construction, Inc., accounts with Defendant.

14. Darlene Hodges was never authorized to make disbursements from the Accounts on her own authority.

15. Pursuant to the agreement, Bank One agreed to confirm that any request or direction for disbursement from the Accounts was authorized in accord with the Resolution by virtue of the proper authorizing signature and/or signatures prior to making such disbursement (the "Security Procedure").

16. Jon Patrick Construction, Inc., conducted the bulk of its business with Defendant, through Defendant's Plymouth Cranston Branch.

17. During the three-year period starting in 2001 and ending in August 2004, Darlene Hodges forged Steve Allard's name to multiple checks emanating from Jon Patrick Construction, Inc.'s, accounts with Defendant. In addition, Darlene Hodges forged the names of various payees on multiple checks drawn on Jon Patrick Construction, Inc.'s, accounts with Defendant.

18. Darlene Hodges negotiated the checks at Defendant's Bank facilities, in particular, at Defendant's Plymouth Cranston Branch.

19. Defendant's teller(s) cashed many of the checks at issue for Darlene Hodges, even though she was not an authorized signatory on the accounts and she did not possess or present valid identification to make the transactions at issue.

20. Darlene Hodges, with the help of Defendant's teller(s), on various occasions, changed the mailing address relative to cancelled checks sent by Defendant to Jon Patrick Construction, Inc. In particular, she was wrongfully allowed by Defendant to change the mailing address for these checks in January 2001, July 2001, September 2001, December 2003 and February 2004.

21. Darlene Hodges wrongfully, with the assistance of Defendant, negotiated forged checks on Jon Patrick Construction, Inc.'s, accounts with Defendant, totaling over $350,000.00 from 2001 through August 2004.

22. On or about August 2004, Plaintiff discovered Darlene Hodges' scheme by finding a box of checks and other banking materials in the basement of Hodges' home.

23. Jon Patrick Construction, Inc., reported Darlene Hodges' actions to the Plymouth Police Department, which immediately commenced a criminal investigation.

24. Jon Patrick Construction, Inc., also reported the wrongful conduct of Darlene Hodges to the Defendant as soon as possible upon discovery of her wrongful and fraudulent scheme.

## COUNT I – NEGLIGENCE AND GROSS NEGLIGENCE

25. Plaintiff, Jon Patrick Construction, Inc., hereby incorporates by reference and realleges paragraphs 1 through 24 of this Complaint as if fully restated herein.

26. Bank One owed Jon Patrick Construction, Inc., certain common law and statutory duties with respect to Jon Patrick Construction's Accounts, including, but not limited to, the duty of exercising at least ordinary care with respect to Jon Patrick Construction's Accounts and disbursements therefrom.

27. Bank One expressly and/or impliedly undertook to exercise, and owed Jon Patrick Construction, Inc., the duty to exercise ordinary and reasonable care to ensure that only authorized distributions were made from Accounts.

28. Bank One expressly and/or impliedly undertook to exercise, and owed Jon Patrick Construction, Inc., the duty to exercise ordinary and reasonable care in performing banking services on behalf of Jon Patrick Construction, Inc., to implement internal controls and safeguards to prevent fraud with respect to, and/or the theft of, Jon Patrick Construction's funds and to monitor and supervise funds being disbursed from the Accounts to ensure that such disbursements were legitimate in all respects.

29. Bank One expressly and/or impliedly undertook to exercise, and owed Jon Patrick Construction, Inc. the duty to exercise ordinary and reasonable care, to monitor and supervise funds drawn from the Accounts, and to ensure that Jon Patrick Construction's funds were not diverted and/or transferred to other unauthorized accounts or to unauthorized individuals.

30. Bank One breached such duties by failing to implement internal controls and safeguards to prevent fraud and theft of Jon Patrick Construction's funds.

31. Bank One further breached such duties inasmuch as Bank One knew or should have known of Hodges' fraudulent use of Jon Patrick Construction's funds and

had a duty to explicitly investigate and/or report such fraud to the proper authorities and to Jon Patrick Construction, Inc.

32. Because Bank One failed to: (1) ensure that only authorized disbursements were made from Jon Patrick Construction's Accounts; (2) implement the Security Procedure; (3) confirm Hodges authority to initiate the disbursements; (4) confirm that Jon Patrick Construction, Inc., authorized the disbursement of substantial sums from the accounts; (5) confirm that Hodges had authority to change the company's mailing address; and (6) notify Jon Patrick Construction, Inc., that its Accounts were depleted, Bank One's conduct fell far below the standard of care required of it by law, and such actions and omissions are evidence of Bank One's negligence and gross negligence.

33. Bank One failed to exercise ordinary or even slight care with respect to Jon Patrick Construction's Accounts.

34. Based on the foregoing, Bank One breached and violated the common law and statutory duties they owed to Jon Patrick Construction, Inc.

35. Bank One's breach of its common law and statutory duties proximately caused the losses suffered by Jon Patrick Construction, Inc.

36. As a direct, natural, proximate and foreseeable consequence of the foregoing, Jon Patrick Construction, Inc., has suffered damages which it is entitled to recover, including, but not limited to, compensatory damages, consequential damages, interest, costs and attorney fees.

WHEREFORE, JON PATRICK CONSTRUCTION, INC., respectfully requests that judgment be entered against Bank One as follows:

A. Compensatory damages in an amount in excess of $356,257.75;

B. Consequential damages in an amount in excess of $75,000.00;

C. Interest, costs, and attorney fees; and

D. Such other and further relief as is warranted and appropriate.

### COUNT II – BREACH OF CONTRACT

37. Plaintiff, Jon Patrick Construction, Inc., hereby incorporates by reference and realleges Paragraphs 1 through 36 of this Complaint as if fully restated herein.

38. Jon Patrick Construction, Inc. and Bank One entered into an agreement wherein Bank One would abide by the Resolution, among other things.

39. Jon Patrick Construction, Inc. has fulfilled all of its obligations under the agreement.

40. As a direct, natural, proximate and foreseeable consequence of the foregoing, Jon Patrick Construction, Inc., has suffered damages which it is entitled to recover, including, but not limited to, compensatory damages, consequential damages, interest, costs and attorney fees.

WHEREFORE, JON PATRICK CONSTRUCTION, INC., respectfully request that judgment be entered against Bank One as follows:

A. Compensatory damages in an amount in excess of $356,257.75;

B. Consequential damages in an amount in excess of $75,000.00;

C. Interest, costs, and attorney fees; and

D. Such other and further relief as is warranted and appropriate.

### COUNT III – FRAUD

41. Plaintiff, Jon Patrick Construction, Inc., hereby incorporates by reference and realleges Paragraphs 1 through 40 of this Complaint as if fully restated herein.

42. Darlene Hodges made false representations to representatives of Jon Patrick Construction, Inc., and sought to deceive them as to the status of the Accounts and disbursements therefrom.

43. Employee's of Defendant, Bank One's, assisted in and facilitated this fraud inasmuch, as they:

    A. Knowingly, intentionally and deliberately concealed, withheld from and failed to notify Jon Patrick Construction, Inc., of the wrongful Transactions;

    B. Knowingly, intentionally and deliberately processed and consummated the cashing of checks submitted by Darlene Hodges, even though Defendant knew that Darlene Hodges lacked the proper authority to initiate such transactions;

    C. Knowingly, intentionally and deliberately failed to completely and accurately fill out the proper paperwork.

44. Defendant's employees intentionally, maliciously and willfully committed such acts and omissions in bad faith, with knowledge of the falsity and untruth thereof, and that they would assist and/or cause the concealment of the false and fraudulent Transactions.

45. At all times relevant hereto, Defendant's employees were acting as agents and representatives of Bank One, and their actions are imputed to Bank One by virtue of the principles of agency, *respondeat superior* and vicarious liability.

46. By virtue of Bank One's intentional, malicious and willful misconduct, Jon Patrick Construction, Inc., is entitled to recover exemplary damages.

47. As a direct, natural, proximate and foreseeable consequence of the foregoing, Jon Patrick Construction, Inc., has suffered damages to which it is entitled to

recover, including, but not limited to, compensatory damages, consequential damages, exemplary damages, interest, costs and attorney fees.

WHEREFORE, JON PATRICK CONSTRUCTION, INC., respectfully requests that judgment be entered against Bank One as follows:

- A. Compensatory damages in an amount in excess of $356,257.75;
- B. Consequential damages in an amount in excess of $75,000.00;
- D. Exemplary damages in an amount in excess of $1,000.000.00;
- E. Interest, costs, and attorney fees; and
- E. Such other and further relief as is warranted and appropriate.

## COUNT IV – CONVERSION AND VIOLATION OF MCL 600.2919a

48. Plaintiff, Jon Patrick Construction, Inc., hereby incorporates by reference and realleges Paragraphs 1 through 47 of this Complaint, as if fully restated herein.

49. Without any right or authorization, Bank One intentionally, maliciously and in bad faith assisted in the distribution, receipt and concealment of Jon Patrick Construction's funds pursuant to the wrongful instruction of Darlene Hodges, who converted Jon Patrick Construction's funds for her own use.

50. Bank One has wrongfully and in bad faith assisted Darlene Hodges in exercising the unlawful dominion and control over property belonging to Jon Patrick Construction, Inc., in denial of and inconsistent with Jon Patrick Construction, Inc.'s rights, even after due and repeated demand from Jon Patrick Construction, Inc., for the return of its funds.

51. As part of Bank One's assistance and aid to Darlene Hodges, employees of Bank One deliberately and intentionally failed to properly and accurately fill out the

relevant forms and/or confirm the accuracy of the information provided by Darlene Hodges for inclusion therein.

52. Although Jon Patrick Construction, Inc., has demanded the return of its funds, Bank One has failed and refused to take any steps to take corrective action, in direct contravention of Jon Patrick Construction, Inc.'s, rights and interest in its funds.

53. Jon Patrick Construction, Inc., is entitled to treble damages pursuant to MCL 600.2929a inasmuch as Bank One, by and through their employees, assisted, aided and abetted in Darlene Hodges' unlawful use and receipt of Jon Patrick Construction's funds and the concealment thereof from Jon Patrick Construction, Inc.

54. By virtue of the foregoing, Bank One's actions constitute acts which have assisted, aided and abetted the conversion of Jon Patrick Construction's funds in derogation of Jon Patrick Construction's rights and interest.

55. By virtue of the intentional, malicious and bad faith acts of conversion perpetrated by Bank One, Jon Patrick Construction, Inc., is entitled to recover treble damages and exemplary damages.

56. As a direct, natural, proximate and foreseeable consequence of the foregoing, Jon Patrick Construction, Inc., has suffered damages which it is entitled to recover, including, but not limited to, compensatory damages, consequential damages, exemplary damages, treble damages, interest, costs and attorney fees.

WHEREFORE, JON PATRICK CONSTRUCTION, INC., respectfully request that judgment be entered against Bank One as follows:

    A.    Compensatory damages in an amount in excess of $356,257.75;

    B.    Consequential damages in an amount in excess of $75,000.00;

C.  Exemplary damages in an amount in excess of $1,000,000.00;

D.  Treble damages in an amount to be determined;

F.  Interest, costs, and attorney fees; and

F.  Such other and further relief as is warranted and appropriate.

## COUNT V – BREACH OF FIDUCIARY DUTY

57. Plaintiff, Jon Patrick Construction, Inc., hereby incorporates by reference and realleges Paragraphs 1 through 56 of this Complaint as if fully restated herein.

58. At all times relevant hereto, a fiduciary relationship has existed between Bank One on the one hand and Jon Patrick Construction, Inc., on the other hand by virtue of Jon Patrick Construction's status as a long-time customer of Bank One and an entity reposing trust and confidence in Bank One and its agents and representatives with respect to its Accounts.

59. By virtue of the fiduciary relationship, Bank One had a duty and obligation at times relevant hereto to act in good faith, in the best interests of and with loyalty towards Jon Patrick Construction's Accounts.

60. In derogation of its fiduciary duties, Bank One failed to ensure that Jon Patrick Construction's funds were not improperly disbursed from the Accounts not improperly drawn upon.

61. In derogation of its fiduciary duties, Bank One failed to comply with the express terms of the Resolution and/or its fiduciary obligations.

62. In derogation of its fiduciary duties, Bank One permitted its employees to deal with Darlene Hodges exclusively through Defendant's employees and intentionally

and willfully did not follow the Security Procedures and Resolution with respect to Darlene Hodges, nor proper or appropriate banking practices and procedure.

64. In derogation of its fiduciary duties, Bank One, in bad faith, facilitated and assisted Darlene Hodges in committing conversion without in any way implementing the Security Procedures and/or enforcing the Resolution.

65. In derogation of its fiduciary duties, Bank One disbursed sums of money to overseas accounts, totaling over $356,257.75, without proper verification or authorization.

66. In derogation of its fiduciary duties, Bank One intentionally and in bad faith engaged in acts in furtherance of Darlene Hodges' fraud and conversion perpetrated against Jon Patrick Construction, Inc.

67. By virtue of the foregoing, Bank One breached and violated its fiduciary obligations owed to Jon Patrick Construction, Inc.

68. By virtue of Bank One's intentional, malicious and willful misconduct, Jon Patrick Construction, Inc., is entitled to recover exemplary damages.

69. As a direct, natural, proximate and foreseeable consequence of the foregoing, Jon Patrick Construction, Inc., has suffered damages which it is entitled to recover, including, but not limited to, compensatory damages, consequential damages, exemplary damages, interest, costs and attorney fees.

WHEREFORE, JON PATRICK CONSTRUCTION, INC., respectfully requests that judgment be entered against Bank One as follows:

    A. Compensatory damages in an amount in excess of $356,257.75;

    B. Consequential damages in an amount in excess of $75,000.00;

C.   Exemplary damages in an amount in excess of $1,000,000.00;

D.   Interest, costs, and attorney fees; and

E.   Such other and further relief as is warranted and appropriate.

GARRETT & STEVENSON, P.C.

By: _____
JOHN C. STEVENSON (P53506)
Attorney for Plaintiff
535 Griswold St., Suite 1212
Detroit, Michigan 48226
313/961-1885

Dated: December 13, 2004

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JON PATRICK CONSTRUCTION, INC., by and through his attorneys, GARRETT & STEVENSON, P.C., by John C. Stevenson, and hereby demands a trial by jury in the above-entitled cause.

GARRETT & STEVENSON, P.C.

By: _____
JOHN C. STEVENSON (P53506)
Attorney for Plaintiff
535 Griswold St., Suite 1212
Detroit, Michigan 48226
(313) 961-1885

Dated: December 13, 2004

# CIVIL COVER SHEET

JS 44C (Rev. 12/84)

**COUNTY IN WHICH ACTION AROSE:** _____

04-74872

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JON PATRICK CONSTRUCTION, INC.

**DEFENDANTS**
BANK ONE CORPORATION

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):**
John C. Stevenson (P53506)
535 Griswold St., Ste. 1212
Detroit, MI 48226
(313) 961-1885

**ATTORNEYS (IF KNOWN):**
MAGISTRATE JUDGE GEORGE CARAM STEEH
VIRGINIA M. MORGAN

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a diversity case brought pursuant to 28 USC Sec. 1332 between citizens of two different states. The amount in controversy is in excess of $75,000.00.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence 28 USC 2255
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 535 Habeas/Death

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other
- ☐ 625 Drug Related Seizure/Prop

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes
- ☐ 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

**DATE:** 12-19-04

**SIGNATURE OF ATTORNEY OF RECORD:** _____

UNITED STATES DISTRICT COURT

## PURSUANT TO LOCAL COURT RULE 8 (b) (3) (i)

(a) IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT?  ___ YES  _X_ NO

(b) IF YES GIVE THE FOLLOWING INFORMATION:

COURT _____

CASE NO: _____

ASSIGNED JUDGE _____

## PURSUANT TO LOCAL COURT RULE 8 (b) (3) (ii)

(a) OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY DISCONTINUED OR DISMISSED COMPANION CASES (cases in which it appears substantially similar evidence will be offered at trial or the same or related parties are present and the cases arise out of the same transaction or occurrence) IN THIS OR ANY OTHER COURT, INCLUDING STATE COURT?  ___ YES  _X_ NO

(b) IF YES GIVE THE FOLLOWING INFORMATION:

COURT: _____

CASE NO: _____

ASSIGNED JUDGE: _____